IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **DEBBIE ANDERSON** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **PORTFOLIO RECOVERY ASSOCIATES, LLC** ) <br> ) <br> Defendant. ) <br> ) <br> Serve Defendant at: ) <br> CORPORATION SERVICE COMPANY ) <br> BANK OF AMERICA CENTER, 16TH FLOOR ) <br> 1111 EAST MAIN STREET ) <br> RICHMOND VA 23219 ) <br> ) | CASE NO. 4:15-CV-00766 <br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, and for her Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in this District.

### PARTIES

4. Plaintiff is a natural person currently residing in St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

1

5. Defendant is a limited liability company with its principal place of business in Norfolk, Virginia. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

7. Defendant's collection activity consists of dunning letters sent to Plaintiff.

8. Defendant sent Plaintiff a written communication on or about March 24, 2015.

9. Defendant's December 8th letter stated that the alleged debt was from "Capital One Bank (USA) NA" in the amount of $787.38.

10. In fact, this amount is incorrect. The original creditor charged off this account in the amount of $699.

11. Upon information and belief, Defendant is aware of this and is attempting to collect more money than the original creditor would be entitled to collect.

12. Defendant's March 24th letter further stated that "Your account has been transferred to the Litigation Department."

13. The March 24th letter tells Plaintiff that his account qualifies for a settlement program and that Plaintiff must communicate with Defendant no later than April 23, 2015. The letter also states that Defendant "Is not obligated to renew this offer."

14. The March 24th letter also states to Plaintiff that if she "[D]oes not resolve the account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you as permitted by state law."

15. Plaintiff took this March 24th letter to mean that if she did not enter into a settlement agreement with Defendant that she would be sued shortly after April 23, 2015.

16. On or about May 6, 2015, Defendant sent Plaintiff another dunning letter.

17. The May 6th letter is captioned, **"SECOND NOTICE: Account Transferred to Litigation Department."**

18. The May 6th letter tells Plaintiff that her account qualifies for a settlement program and that Plaintiff must communicate with Defendant no later than June 5, 2015. The letter also states that Defendant "Is not obligated to renew this offer."

19. The May 6th letter also states to Plaintiff that if she "[D]oes not resolve the account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you as permitted by state law."

20. Plaintiff took this May 6th letter as an escalation to mean that if she did not enter into a settlement agreement with Defendant that he would be sued shortly after February 5, 2015.

21. Upon information and belief, Defendant would not be able to file suit against Plaintiff because they lack the necessary documents to prosecute any claims against Plaintiff under Missouri law.

22. That the March 24th and May 6th letters were attempts to intimidate and coerce Plaintiff into paying a debt by creating the illusion that this account was "in litigation" and that a lawsuit was imminent after the arbitrary deadlines selected by Defendant.

23. As of the date of this lawsuit, Defendant has never sued Plaintiff.

24. Upon receipt of the March 24th and May 6th letters, Plaintiff was concerned that litigation was imminent.

25.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

## **COUNT I: VIOLATIONS OF THE FDCPA**

26.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

27.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a.     Using false, deceptive, and misleading means to collect or attempt to collect the alleged debt.  15 U.S.C. § 1692e.

    b.  Using unfair or unconscionable means to attempt to collect a debt.  15 U.S.C. § 1692f.

    c.  Engaging in conduct where the natural consequence of which is to harass, oppress and abuse Plaintiff in connection of a debt.  15 U.S.C. § 1692d.

    d.     Collection attempt of an amount not authorized by law or by the agreement with Plaintiff's original creditor.  15 USC § 1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.     Judgment that Defendant's conduct violated the FDCPA;

    B.     Actual damages;

    C.     Release of the alleged debt;

    D.     Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E.     For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason

_____
**JAMES W. EASON, #57112**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**