UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBBIE ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-766 CAS ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC., | ) ) ) |
| Defendant . | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion For Summary Judgment (Doc. 16), filed by defendant Portfolio Recovery Associates, LLC.

I. Background

Plaintiff Debbie Anderson filed this action in one count, alleging that defendant Portfolio Recovery Associates, LLC ("PRA") violated the Fair Debt Collection Practices Act ("FDCPA") in two letters it sent her in an attempt to collect a debt. The two letters at issue are dated March 24, 2015 and May 6, 2015. Specifically, Plaintiff alleges that PRA: (1) used "false, deceptive, and misleading means to collect or attempt to collect the alleged debt" in violation of 15 U.S.C. § 1692e; (2) used "unfair or unconscionable means to attempt to collect a debt" in violation of 15 U.S.C. § 1692f; (3) engaged "in conduct where the natural consequence of which is to harass, oppress and abuse Plaintiff in connection of a debt" in violation of 15 U.S.C. §1692d; and (4) engaged in a "[c]ollection attempt of an amount not authorized by law or by the agreement with Plaintiff's original creditor" in violation of 15 U.S.C. § 1692f. (Doc. 1 at 4). Plaintiff's Complaint does not specify any particular subsections of the cited statutes which she claims Defendant violated. On April 21, 2016, Defendant filed a Motion for Summary Judgment on the grounds that the two letters

were not false, misleading or deceptive, and did not violate the FDCPA in any regard. (Doc. 16 at 1).

Plaintiff did not respond to Defendant's motion within the time permitted by the Case Management Order. Upon review of the file, the Court ordered Plaintiff to respond to Defendant's motion by June 6, 2016, cautioning Plaintiff that if she did not respond by that date, the Court would consider Defendant's motion without the benefit of any response from Plaintiff. (Doc. 20). To date, Plaintiff has not responded to the motion or to this Court's order. Plaintiff has been represented by counsel throughout these proceedings.

The Court has reviewed and carefully considered Defendant's unopposed Motion for Summary Judgment (Doc. 16), Defendant's Memorandum in Support of its Motion for Summary Judgment (Doc. 17), Defendant's Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment (Doc. 18), and all of the exhibits submitted therewith (Doc. 18, Attach. 1-4). Having found Defendant's Motion for Summary Judgment to be well taken, the Court determines that summary judgment is appropriate in this case, and that Defendant's motion should be granted.

II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the moving party meets

that burden, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts demonstrating a genuine issue for trial. FedRCivP 56(e); see also Satcher v. University of Ark. at Pine Bluff Bd. of Trustees, 558 F.3d 731, 734–35 (8th Cir. 2009) (quoting Anderson, 477 U.S. at 256) (a party opposing summary judgment "may not rest upon mere allegations or denials ... but must set forth specific facts showing there is a genuine issue for trial.").

"It [is] not the District Court's responsibility to sift through the record to see if, perhaps, there [is] an issue of fact." Id. at 735. Consequently, the "failure to oppose a basis for summary judgment constitutes waiver of that argument." Id. Summary judgment is a harsh remedy, and should not be granted unless the movant "has established [its] right to judgment with such clarity as to leave no room for controversy." New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977).

III. Discussion

In support of its motion, Defendant submitted a Statement of Uncontroverted Material Facts ("Statement"), with citations to the record. (Doc. 18). Defendant also submitted the Declaration of David D. Sage, PRA's Custodian of Records (Doc.18, Attach. 1); Responses to Defendant's Interrogatories (Doc. 18, Attach. 2); Defendant's Answers to Plaintiff's First Set of Interrogatories (Doc. 18, Attach. 3); and the Declaration of Joshua C. Dickinson, (Doc. 18, Attach. 4). Included with Mr. Sage's Declaration are copies of the relevant Capital One Account statements sent to Plaintiff, and copies of the March 24, 2015 and May 6, 2015 letters PRA sent to Plaintiff. (Doc.

18, Attach. 1, at 5-16).

Pursuant to this Court's Local Rule 7-4.01(E), "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Local rules of the court have the force of law, and parties are charged with knowledge of them. Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 426 (8th Cir. 1997). Because plaintiff failed to respond to the instant motion as required by Local Rule 7-4.01(E), the matters in Defendant's Statement are deemed admitted for purposes of the instant motion. See Northwest Bank & Trust Co. v. First Illinois National Bank, 354 F.3d 721, 724-25 (8th Cir. 2003); Harris v. Interstate Brands Corporation, 348 F.3d 761, 762-62 (8th Cir. 2003).

Viewed in the light most favorable to Plaintiff, the uncontroverted facts, taken from Defendant's Statement and all supporting documentation (Doc. 18-1 - 18-4), herein deemed admitted, are as follows. On or about April 22, 2013, PRA purchased from Capital One Bank (USA) National Association ("Capital One") Plaintiff's credit card account ("Account"), an account on which she had defaulted. Capital One had charged off the Account on May 21, 2011 in the amount of $699.00, but continued to send Plaintiff account statements and charge interest thereafter. According to the account statement for May 21, 2011 through August 19, 2011, the Account balance was $732.85, which was calculated based on the previous balance of $699.00 plus interest charged by Capital One for May, June, July and August of 2011. According to the account statement for August 20, 2011 through November 19, 2011, the Account balance was $767.45, which was calculated based on a previous balance of $732.85 plus interest charged by Capital One for September, October and November of 2011. According to the account statement for February 20, 2011 through May 19, 2012, the Account balance was $787.38, which was calculated based on a

previous balance of $767.45 plus interest charged by Capital One for December 2011 and January 2012. No payments were made on the Account after May 19, 2012. Thus, the outstanding Account balance as of April 22, 2013, the date PRA purchased the Account from Capital One, was $787.38, the same amount PRA referenced in the March 24, 2015 and May 6, 2015 letters it sent to Plaintiff.

In the March 24, 2015 letter, PRA advised Plaintiff that the Account had been transferred to the Litigation Department, but that no attorney had reviewed the circumstances of the Account. PRA did not tell Plaintiff that she would be sued. PRA received no payments from Plaintiff, and sent her a letter titled "Second Notice," dated May 6, 2015. In that letter, PRA advised Plaintiff it wanted to settle the Account, and would do so if it received funds by June 6, 2015. The letter did not state that Plaintiff was being sued or that she would be sued, but rather advised that "if" legal action is taken a judgment "may" be obtained or action "that is legally available in your state" "may" be taken by PRA. (Doc. 18, Attach. 1, at 7-8, 15-16). PRA has a Litigation Department, and Plaintiff's Account had been transferred there prior to the March 24, 2015 and May 6, 2015 letters. PRA's Litigation Department is comprised of attorneys admitted to practice law in Missouri and who regularly file lawsuits on PRA's behalf there, and also by lay personnel. PRA also employs outside counsel. PRA is unaware of any reasons that would have prevented the Account from being reviewed by an attorney it employed, or any reason that such an attorney would have advised that suit could not be filed against Plaintiff. Plaintiff did not dispute the debt with PRA before filing her Complaint in this Court on May 14, 2015.

The undisputed facts and evidence in this case, which includes the two letters at issue, show that Defendant did not violate the FDCPA when it attempted to collect the debt from Plaintiff. As Defendant avers in its Statement, and as review of the two letters confirms, the amount Defendant

sought to collect from Plaintiff was authorized by law, and consistent with Plaintiff's agreement with Capital One. Further, the letters contain nothing that would permit a finding in Plaintiff's favor that the means Defendant used to attempt to collect the debt from Plaintiff were false, deceptive, misleading, unfair, or unconscionable, that Defendant engaged in conduct that harassed, oppressed, or abused Plaintiff, or that Defendant took any action that could be construed as threatening.

IV. Conclusion

Therefore, for the foregoing reasons, and for all of the reasons set forth in Defendant's Memorandum In Support Of Its Motion For Summary Judgment (Doc. 17), the Court will enter summary judgment in favor of Defendant and against Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion For Summary Judgment (Doc. 16) is **GRANTED**. (Doc. 16).

A Judgment will accompany this Memorandum and Order.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of June, 2016.