# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEBBIE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:15-CV-766 CAS |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Portfolio Recovery Associates, LLC's motion for attorneys' fees pursuant to 28 U.S.C. § 1927. Plaintiff opposes the motion. For the following reasons, the Court will deny defendant's motion for attorneys' fees.

## Background

Plaintiff brought this action on May 14, 2015, alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA") by sending two letters in an attempt to collect a debt. After defendant filed its answer, the parties met and conferred and established a scheduling plan, which the Court adopted. In January 2016, the parties attended mediation, but the case was not resolved. The parties engaged in limited written discovery and, in April 2016, defendant filed a motion for summary judgment. Plaintiff did not respond to the motion, even after being prompted by the Court. The Court reviewed the case and issued a Memorandum and Order finding defendant entitled to summary judgment.

**Discussion**

Section 1927 provides for sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Courts have interpreted this statute to warrant sanctions when attorney conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990). "Because section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (quoting Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994)).

Defendant asserts that plaintiff's counsel "multiplied the proceedings unreasonably and vexatiously by forcing [defendant's] counsel to draft and file for summary judgment to dispose of this case when plaintiff's counsel was on notice (after mediation and discovery) that this case was meritless, which is further demonstrated by counsel's failure to even bother responding to [defendant's] summary judgment briefing." (Reply at 2.) Defendant's counsel states that he advised plaintiff's counsel at the January 19, 2016 mediation that plaintiff's claim was meritless and that defendant intended to seek summary judgment. Defendant states plaintiff's counsel should have voluntarily dismissed the case after this discussion at mediation. Instead, plaintiff's counsel answered discovery and participated in a meet and confer. Three months after the mediation, defendant filed for summary judgment. Defendant seeks its attorneys' fees expended preparing this summary judgment motion.

The Court does not find that plaintiff's counsel acted with objectively unreasonable behavior and bad faith by not voluntarily dismissing the suit after mediation. Nor does the Court find that plaintiff vexatiously and unreasonably multiplied the proceedings under 28 U.S.C. § 1927. This is

2

an FDCPA case that was resolved within thirteen months on defendant's summary judgment motion. The case followed the usual course—the parties did not bicker over discovery, take depositions, or engage in voluminous motion practice. The Court has reviewed the filings and correspondence between the parties, and finds no intentional or reckless disregard of any attorney's duties to the court.

The only objective evidence the Court has regarding plaintiff's counsel's behavior is that he did not respond to defendant's motion for summary judgment. Although this can be seen as a tacit admission that defendant's summary judgment motion is meritorious, it does not amount to vexatious and unreasonable behavior. The Court is unwilling to enter an attorneys' fee award against plaintiff's counsel on the basis that he should have voluntarily dismissed plaintiff's case after being told by defendant's counsel at mediation that the case was meritless. The Court is mindful of the penal nature of § 1927, and finds that such an award of attorneys' fees in a rather abbreviated and straight-forward FDCPA case would likely "dampen the legitimate zeal of an attorney in representing his client." Lee, 177 F.3d at 718.

Accordingly,

**IT IS HEREBY ORDERED** defendant Portfolio Recovery Associates, LLC's motion for attorneys' fees pursuant to 28 U.S.C. § 1927 is **DENIED**.  [Doc. 23]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of December, 2016.

3